SEYFARTH SHAW LLP
Brian T. Ashe (SBN 139999)
bashe@seyfarth.com
Scott P. Mallery (SBN 283562)
smallery@seyfarth.com
Timothy M. Hoppe (SBN 310999)
thoppe@seyfarth.com
560 Mission Street, 31st Floor
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendant
HAWTHORN SENIOR LIVING, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

NAOMI HAQQ, an individual.,

Plaintiff,

v.

HAWTHORN SENIOR LIVING, LLC, a Delaware limited liability company, and DOES 1 through 10, inclusive,

Defendants.

Case No. PC 20210429

**DEFENDANT HAWTHORN SENIOR LIVING, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO THE U.S. DISTRICT COURT**

**TO THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF AND HIS ATTORNEY OF RECORD:**

PLEASE TAKE NOTICE that Defendant HAWTHORN SENIOR LIVING, LLC ("Defendant"), hereby removes Case No. PC 20210429, filed and pending in the Superior Court of the State of California for the County of El Dorado, to the United States District Court for the Eastern District of California, Sacramento Division, pursuant to 28 U.S.C. §§ 1441(a). Removal is appropriate under 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship between the parties and the amount in

controversy, exclusive of interest and costs, exceeds $75,000, and notice is properly and timely filed. Removal is proper for the following additional reasons:

## I. BACKGROUND

1. This removal involves an action that was filed in the Superior Court of the State of California, County of El Dorado, entitled, "*Naomi Haqq v. Hawthorne Senior Living, LLC, a Delaware Limited Liability Company and DOES 1 through 100, inclusive*" ("Complaint") designated El Dorado County Superior Court Case No. PC 20210429.

2. Plaintiff Naomi Haqq ("Plaintiff") purportedly served the Complaint on Defendant's agent for service of process on August 16, 2021.

3. The Complaint alleges causes of action for (1) disability discrimination in violation of Cal. Gov't. Code. § 12940(a); (2) Failure to accommodate in violation of Gov't. Code. § 12940(m); (3) failure to engage in the interactive process in violation of Gov't. Code. § 12940(n); (4) failure to prevent discrimination, harassment and retaliation in violation of Gov't. Code. § 12940(k); (5) retaliation in violation of Gov't. Code. § 12940(h); and (6) wrongful termination in violation of Public Policy. Plaintiff seeks special and economic damages, general and non-economic damages, punitive damages, prejudgment interest, costs of suit, and attorneys' fees. (*See* **Ex. 1**, Complaint.)

4. Defendant denies the substantive allegations of the Complaint and deny that it owes Plaintiff anything by the Complaint, but treats the Complaint's allegations as true for purposes of this Notice of Removal only.

## II. PROCEEDINGS IN STATE COURT

5. On August 16, 2021, Plaintiff served Defendant's agent for service with the Summons, Complaint, and Civil Case Cover Sheet in the State Court Action. A true and correct copy of the Summons, Complaint, and Civil Case Cover Sheet is attached as **Exhibit 1.**

6. Defendants answered the Complaint on September 14, 2021. A true and correct copy of the Answer is attached hereto as **Exhibit 2**.

7. **Exhibits 1 and 2** constitute all pleadings, process, and orders served on defendants, and filed by defendants, in this action

**III. TIMELINESS OF REMOVAL**

8. This notice of removal is timely filed as it is filed within thirty days of service upon Defendant of the Complaint or other paper from which it could first be ascertained that the case is one which is or has become removable. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 US 344 (1999) (thirty-day deadline to remove commences upon service of the summons and complaint).

**IV. BASIS FOR REMOVAL -- DIVERSITY OF CITIZENSHIP**

9. This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a)(1). As set forth below, this action is removable pursuant to the provisions 28 U.S.C. § 1441(a) as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

10. **Plaintiff is a citizen of California.** Plaintiff is a resident and citizen of the State of California. For diversity purposes, a natural person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) (*citing Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)). A person's domicile is the place he or she resides with the intent to remain indefinitely. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Residence is prima facie evidence of domicile. *State Farm Mut. Auto Ins. Co. v. Dye*r, 29 F.3d 514, 520 (10th Cir. 1994).

11. According to the Complaint, Plaintiff is a resident of the State of California. (Compl., ¶ 1) The Complaint also alleges that Plaintiff worked for Defendant in El Dorado County, California. (*Id.* ¶ 2.) The Complaint further alleges that Plaintiff was injured in El Dorado County, California. (*Id.* ¶ 11.) Neither Plaintiff nor Plaintiff's counsel has provided a different address or indicated that Plaintiff does not intend to remain domiciled in California. Plaintiff, therefore, is, and has been at all times since this action commenced, a citizen of California.

12. Plaintiff makes no assertion regarding the citizenship of the "Doe" defendants. The citizenship of "Doe" defendants is disregarded when analyzing diversity of citizenship. 28 U.S.C. §

1441(a) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.")

13. **Defendant Hawthorn Senior Living, LLC is a citizen of Delaware and Washington.** Defendant is now, and was, at the time of the filing of this action, a citizen of a state other than California within the meaning of 28 U.S.C. Section 1332(c)(1).

14. Pursuant to 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." *See also Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1028 (9th Cir. 2009) (citing 28 U.S.C. 1332(c)(1)).

15. A limited liability company is a citizen of every state of which its owners/members are citizens. *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The owners / members of Hawthorn Senior Living, LLC are: (1) Hawthorn Executive Corporation, which is incorporated in Washington and has its principal place of business in Washington; and (2) CP HSL Holdings, LLC, which was formed in Delaware and is domiciled in the State of Washington.

16. **Doe Defendants Are Disregarded.** The presence of Doe defendants in this case has no bearing on diversity of citizenship for removal. 28 U.S.C. § 1441(a) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded."). Pursuant to 28 U.S.C. § 1441(a), the residence of fictitious and unknown defendants should be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. § 1332. *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal petition). Thus, the existence of the naming of Doe defendants 1 through 25, inclusive, does not deprive this Court of jurisdiction.

## V. AMOUNT IN CONTROVERSY

17. While Defendants deny any liability as to Plaintiff's claims, the amount in controversy requirement is satisfied because "it is more likely than not" that the amount exceeds the jurisdictional minimum of $75,000.00. *See Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 404 (9th Cir. 1996). The jurisdictional amount may be determined from the face of the complaint. *Singer v. State Farm Mut.*

*Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). However, as explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) (finding that the Court may consider facts presented in the removal petition). A plaintiff cannot evade federal jurisdiction by alleging that the amount in controversy falls below the jurisdictional minimum. *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1350 (2013); *Rodriguez v. AT&T Mobility Serv. LLC*, 728 F.3d 975, 978-82 (9th Cir. 2013).

18. Plaintiff asserts six claims for relief arising out of purported disability discrimination. Plaintiff seeks general damages, special damages, lost earnings, punitive damages, attorneys' fees, and costs. (*See* Compl. at 12.) Plaintiff alleges that "[a]s a proximate result of Defendant's conduct Plaintiff has suffered damages . . . which include . . . accrued but unpaid salary, bonuses and benefits, fornt pay, back pay, severance pay, and damages for emotional distress." (Comp. ¶ 29.)

19. In determining the amount in controversy, the Court must consider the aggregate of general damages, special damages, punitive damages, and attorneys' fees. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy, regardless of whether such an award is discretionary or mandatory); *Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law); *Conrad Assoc.'s v. Hartford Accident & Ind. Co.*, 994 F. Supp. 1196, 1198 (N.D. Cal. 1998) ("amount in controversy" includes claims for general and special damages).

20. **Loss of Earnings**. Plaintiff also alleges that she is entitled to lost income. (Compl., at Prayer, ¶ 1.) Plaintiff alleges that her last day worked was July 12, 2020. (*Id.*, ¶ 7.) From that time to the date of this removal filing, approximately 58 workweeks have elapsed. At the time of her termination plaintiff alleges she made $17.00 / hour. (*Id.*, ¶ 5.) Assuming, conservatively, that Plaintiff would have worked 40 hours per week, her claim for lost wages totals **$39,440.** Assuming a very conservative trial date of only 12 months from the filing of this removal, or September 10, 2021, Plaintiff's lost wages up to the point of trial, alone, will amount to approximately **$74,800**. This amount does not account for the other special damages Plaintiff seeks, such as retirement or other employee benefits, which will further increase the claim for special damages.

21. **Emotional Distress:** Plaintiff asserts that when Defendant terminated her, she suffered "damagers for shame, humiliation, mental anguish, and emotional distress caused by the conduct Defendants." (Comp. ¶ 20(b).) A review of jury verdicts in California demonstrates that emotional distress awards in discrimination or retaliation cases commonly exceed $75,000. *See Betson v. Rite Aid Corp.*, 2011 WL 3606913 (L.A. County Sup. Ct.) (pain and suffering award of $500,000 to employee in disability harassment action); *Vaughn v. CNA Casualty of California*, 2008 WL 4056256 (C.D. Cal.) (award of $300,000 in past and future non-economic loss to employee in disability discrimination action); *Ismen v. Beverly Hospital*, 2008 WL 4056258 (L.A. County Sup. Ct.) (jury award of $113,000 for emotional distress due in a disability discrimination and failure to accommodate action); *Christle v. City of Los Angeles*, 2007 WL 4624405 (L.A. County Sup. Ct.) (award of $804,760 in non-economic damages in retaliation case); *Mnaskanian v. 21st Century Ins. Co.*, 2006 WL 2044625 (L.A. County Sup. Ct.) (jury award of $300,000 in non-economic damages for employee denied reinstatement despite request for reasonable accommodation for disability); *Miller v. Lockheed Martin*, 2005 WL 4126684 (Los Angeles County Sup. Ct.) (jury award of $300,000 in non-economic damages for employee terminated after requesting accommodation for disability). Plaintiff's allegations that she was discriminated against and discharged because of a disability are similar to the issues in these cases.

22. **Similar Verdicts Exceed $75,000.** To establish the amount in controversy, a Defendant may rely on jury verdicts in cases involving similar facts. *Simmons v. PCR Tech*., 209 F. Supp. 2d 1029, 1033 (N.D. Cal. 2002); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). California jury verdicts in similar cases often exceed $75,000. *See, e.g*., *Tapia v. San Gabriel Transit Inc.*, *Los Angeles Sup. Ct.*, Case No. BC482433 (December 18, 2015) ($1,289,849 verdict on plaintiff's claims for disability discrimination and violation of the CFRA); *Ko v. The Square Group LLC dba The Square Supermarket*, Los Angeles Sup. Ct., Case No. BC487739 (June 16, 2014) ($190,712.36 verdict on plaintiff's claims for disability discrimination, retaliation, wrongful termination in violation of public policy, and wage and hour claims and $500,000 in punitive damages); *Behar v. Union Bank*, Los Angeles Sup. Ct., Case No. BC427993 (April 9, 2013) ($2,563,630 verdict on (two) plaintiffs' claims for age discrimination and harassment, national origin discrimination and harassment, breach of contract and defamation claims); *Kamali v. Cal. Dept. of Transp*., Los Angeles Sup. Ct., Case No. BC426247

(December 20, 2012) (verdict for $663,983 on plaintiff's claims for national origin and disability discrimination); *Rosales v. Career Sys. Devel. Corp.*, E.D. Cal., Case No. 08CV01383 (WBS) (August 20, 2010) (verdict for $238,000 on plaintiff's claims under the FEHA for national origin discrimination, age discrimination, retaliation, and wrongful termination); *Hernandez v. Regents of the Univ. of Cal.*, Alameda County Sup. Ct., Case No. RG06272564 (June 29, 2010) (verdict for $266,347 on disability discrimination, national origin discrimination, and retaliation claims); *see also Landau v. Cty. of Riverside*, 2010 WL 1648442, C.D. Cal., Case No. 2:07-cv-06807 (February 12, 2010) (award of $1,033,500 to employee who brought action against employer based disability discrimination and failure to accommodate); *Dodd v. Haight Brown & Bonesteel LLP*, 2010 WL 4845808, Los Angeles Sup. Ct., Case No. BC413813 (October 15, 2010) (award of $410,520 to employee wrongfully terminated based on disability and medical condition); *Ybarra v. Dacor Holding Inc.*, 2010 WL 2404221, Los Angeles Sup. Ct., Case No. KC-054144 (February 26, 2010) (award of $615,236 to employee in disability discrimination and wrongful termination action); *Morales v. Los Angeles County Metro. Transp. Auth.*, 2008 WL 4488427, Los Angeles Sup. Ct., Case No. BC339557 (August 19, 2008) (award of $2,247,137 to employee terminated due to disability); *Ismen v. Beverly Hosp*., 2008 WL 4056258, Los Angeles Sup. Ct., Cas No. BC366198 (August 13, 2008) (award of $1,180,164 in disability discrimination and failure to accommodate action where employee lost his position after suffering on the job injury); *Vaughn v. CNA Cas. of Cal.*, 2008 WL 4056256, C.D. Cal., Case No. 06CV00859 (JVS) (February 28, 2008) (award of $850,000 to employee in disability discrimination action); *Orue v. Sears, Roebuck & Co.*, 2007 WL 2456108, Los Angeles Sup. Ct., Case No. BC347252 (August 1, 2007) (award of $173,056 to employee who brought action based on disability and age discrimination against employer who wrongfully terminated him); *Martin v. Arrow Elect*., 2006 WL 2044626, C.D. Cal., Case No. SACV041134JVS (June 12, 2006) (award of $1,500,000 to employee who was wrongfully terminated based upon the disabilities he developed during his employment); *Shay v. TG Const., Inc.*, 2002 WL 31415020, Ventura County Sup. Ct., Case No. SC-028511 (January 1, 2002) (award of $462,500 to employee wrongfully terminated on basis of disability).

23. **Attorneys' Fees Exceed $75,000.** Plaintiff also seeks attorneys' fees in connection with his FEHA claims. Verdicts in comparable cases show that attorneys' fees typically exceed $75,000.00.

*See Denenberg v. Cal. Dep't of Transp.*, 2007 WL 2827715 (San Diego County Sup. Ct. Sept. 14, 2006) (attorney's fees award of $490,000.00 in case alleging discrimination, harassment, and retaliation); *McMillan v. City of Los Angeles*, 2005 WL 3729094 (Los Angeles County Sup. Ct. March 21, 2005) (attorney's fees award of $504,926.00 in case alleging discrimination and retaliation for filing lawsuit to redress discrimination); *Gallegos v. Los Angeles City College*, 2003 WL 23336379 (Los Angeles County Sup. Ct. Oct. 16, 2003) (attorney's fees award of $159,277.00 for claim of discrimination and retaliation). Therefore, the inclusion of a claim for attorneys' fees also supports the conclusion that the amount in controversy exceeds $75,000.00.

24. **General and Punitive Damages Exceed $75,000.** In addition to lost wages, Plaintiff seeks to recover general and punitive damages. Requests for punitive damages must be taken into account in ascertaining the amount in controversy. *Davenport*, 325 F.2d at 787. The amount of punitive damages awarded is based on the financial worth of the defendant, and is meant to punish the Defendant in such a way that it will have a tangible financial consequence. Without conceding that punitive damages are appropriate or applicable here, given Defendants' size, it is obvious that a punitive damages award, if assessed, would exceed $75,000.00.

25. For each of the foregoing reasons, while Defendant denies any liability as to Plaintiff's claims, it is "more likely than not" that the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a).

## VI. VENUE

26. Plaintiff filed this action in the Superior Court of California, County of El Dorado.

27. The County of El Dorado lies within the jurisdiction of the United States District Court, Eastern District of California. Therefore, without waiving Defendant 's right to challenge, among other things, personal jurisdiction and/or venue by way of a motion or otherwise, venue lies in the Eastern District of California pursuant to 28 U.S.C. §§ 84(b), 1441(a), and 1446(a). This Court is the United States District Court for the district within which the State Court Action is pending. Thus, venue lies in this Court pursuant to 28 U.S.C. §§ 1441(a), 1391.

**VII. PROCEDURAL REQUIREMENT FOR REMOVAL ARE SATISFIED**

28. Defendant will give notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California, County of El Dorado. This Notice of Removal is being served on all parties.

29. This Notice of Removal is being served on Plaintiff and a copy will be filed with the Clerk of the Superior court of the State of California for the County of El Dorado, as required by 28 U.S.C. § 1446(d).

30. The action being removed is not an action described in 28 U.S.C. § 1445.

31. Neither this same cause, nor a substantially similar complaint, has been previously filed in this Court, and therefore may open as an original proceeding.

32. Defendant consents to this Removal.

33. The facts set forth in this Notice of Removal were true at the time Plaintiff initiated the State Court Action as well as at the time this Notice of Removal was filed

WHEREFORE, Defendant prays that this civil action be removed from the Superior Court of the State of California, County of El Dorado, to the United States District Court for the Eastern District of California.

DATED: September 15, 2021

Respectfully submitted,

SEYFARTH SHAW LLP

By: ______________________________

Brian T. Ashe
Scott P. Mallery
Timothy M. Hoppe
Attorneys for Defendant
HAWTHORN SENIOR LIVING, LLC